1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    TERESA L. ARCHER,                CASE NO. C22-5534JLR

11                Plaintiff,        SHOW CAUSE ORDER

12       v.

13    WALMART, INC., et al.,

14               Defendants.

15     Before the court are Plaintiff Teresa L. Archer's complaint (Compl. (Dkt. # 1-2))

16 and Defendants Walmart, Inc. ("Walmart"), Wal-Mart Real Estate Business Trust

17 ("Wal-Mart Trust"), and Wal-Mart Realty Company's ("Wal-Mart Realty") (collectively,

18 "Defendants") notice of removal (NOR (Dkt. # 1)). Having reviewed the complaint and

19 the notice of removal, the court finds that Defendants have failed to allege an adequate

20 basis for subject matter jurisdiction. The court therefore orders Defendants, within seven

21 (7) days of the date of this order, to serve and file a submission that includes information

22 sufficient to establish the court's jurisdiction.

SHOW CAUSE ORDER - 1

1    Defendants assert that the court's jurisdiction is based on diversity of citizenship.

2  (NOR at ¶ 3.)  For purposes of assessing diversity jurisdiction, the court must consider

3  the citizenship of all parties to ensure that the citizenship of each plaintiff is diverse from

4  the citizenship of each defendant.  *See* 28 U.S.C. § 1332(a)(1); *Demarest v. HSBC Bank*

5  *USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019).  "In cases where entities rather than

6  individuals are litigants, diversity jurisdiction depends on the form of the entity."

7  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

8  Defendants allege that Ms. Archer is a resident and citizen of Washington (*id.*), and that

9  "Walmart is incorporated in Delaware with its principal place of business in Bentonville,

10  Arkansas" (Hernandez Decl. (Dkt. # 2) ¶ 7).

11    Yet, Defendants fail to allege the citizenship of Wal-Mart Trust and Wal-Mart

12  Realty.  (*See generally* Hernandez Decl.; NOR.)  Because Defendant Wal-Mart Trust

13  appears to be an unincorporated business entity, the court must consider the citizenship of

14  all of its members in order to determine its citizenship.  *See Americold Realty Tr. v.*

15  *Conagra Foods, Inc.*, 577 U.S. 378, 381-83 (2016) (stating that when a trust that

16  functions as an unincorporated business entity is sued in its name, it takes the citizenship

17  of each of its members[1] for diversity purposes); *cf. Demarest*, 920 F.3d at 1227-31

18
19    [1] In *Americold*, the Supreme Court considered the trust agreement and the state law that
     the real estate investment trust was organized under to determine who constituted a "member" of
20  the trust.  *See Americold*, 577 U.S. at 381-83 (considering shareholders/beneficiaries, but not
     trustees, as members for diversity purposes); *see also Demarest*, 920 F.3d at 1229 (characterizing
     *Americold* as holding that the citizenship of a nontraditional trust should be determined based on
21  their members, not their trustees).  Defendants should determine the composition of
     membership in a similar manner before determining the citizenship of those members.  *See, e.g.*,
     *MSR Tr. v. Nationstar Mortg. LLC*, No. 21CV3089GBDRWL, 2021 WL 4200720, at *10
22  (S.D.N.Y. Sept. 15, 2021), *report and recommendation adopted*, No. 21CIV3089GBDRWL,

1   (discussing *Americold* and *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980) and

2   stating that when a trustee of a traditional trust—i.e., not a distinct legal entity—is sued in

3   its own name, only the trustee's citizenship matters for diversity purposes).  Because

4   Defendant Wal-Mart Realty appears to be a corporation, the court must consider its place

5   of incorporation and principal place of business in order to determine its citizenship.  *See*

6   28 U.S.C. § 1332(c)(1).  Absent such allegations, the court cannot determine if

7   Defendants have properly invoked this court's subject matter jurisdiction on the basis of

8   the parties' diversity of citizenship.

9        Accordingly, the court ORDERS Defendants to show cause why this case should

10   not be remanded for lack of federal subject matter jurisdiction.  *See Martin v. Franklin*

11   *Capital Corp.*, 546 U.S. 132, 143 (2005) ("If it appears that the federal court lacks

12   jurisdiction, however, 'the case shall be remanded.'"  (quoting 28 U.S.C. § 1447(c))).  If

13   Defendants fail to provide the court with the information described above within seven

14   (7) days of the date of this order, the court will remand this case.

15   //

16   //

17   //

18

19   2022 WL 392405 (S.D.N.Y. Feb. 9, 2022) ("[T]he Trust Agreement, Delaware law, the Supreme
     Court's decision in *Americold*, and case law since *Americold* all suggest that the citizenship of a

20   business trust like MSR Trust is determined based on the citizenship of its beneficial owners, not
     its trustee."); *see also Cosey v. Wal-Mart Louisiana, LLC*, No. CV 19-554-SDD-EWD, 2019 WL

21   4039620, at *1 & n.4 (M.D. La. Aug. 27, 2019) (finding that the defendants properly alleged the
     citizenship of the defendant Wal-Mart Real Estate Business Trust as follows:  "Wal-Mart Real

22   Estate Business Trust is a business trust whose beneficial shares are owned 100% by Wal-Mart
     Property Co., which is a Delaware corporation with its principal place of business in Arkansas").

1    Dated this 27th day of July, 2022.

2

3    _____

4    JAMES L. ROBART
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22